UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALICE FRAGOLA<br>531 5th Terrace<br>Palm Beach Gardens, FL 33418<br>           Plaintiff,<br><br>    v.<br><br><br>KENIFIC GROUP, INC.<br>3975 Fair Ridge Drive<br>Fairfax, VA 22033<br><br>           Defendant. | Civil Action No. |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant The Kenific Group, Inc. improperly sued in the name of Kenific Group ("KGI" or "Defendant"), by and through its undersigned counsel, hereby gives Notice pursuant to 28 U.S.C. §§ 1441 and 1446 of its removal of the above-captioned case from the Superior Court of the District of Columbia to the United States for the District of Columbia. Removal is based on 28 U.S.C. §§ 1331 and 1332. In support of this Notice of Removal, KGI states as follows:

1. On or about May 5, 2021, Plaintiff Alice Fragola ("Plaintiff") commenced this action against The Kenific by filing a Complaint in the Superior Court of the District of Columbia (the "Superior Court Action"). The Superior Court Action was assigned Case No. 2021 CA 001430 B. KGI received a copy of the Summons and Complaint on May 5, 2021 via email. No other pleadings have been sent to KGI.

2. In compliance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty (30) days of Defendant ascertaining that this case is removable.

1

3. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other documents served upon KGI are attached hereto as **Exhibit A.**

## I. Removal Based on Diversity Jurisdiction

4. Pursuant to 28 U.S.C. § 1332(a), a district court has original diversity jurisdiction over civil actions where the action is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000. This case is properly removed to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1441 as this is a civil action between citizens of different states where Plaintiff appears more likely than not to claim an amount in controversy that exceeds $75,000.

Plaintiff and KGI Are Completely Diverse

5. For diversity jurisdiction purposes, a Virginia corporation is considered a citizen of Virginia.

6. As Plaintiff identified in the caption of her Complaint, Defendant is a Virginia corporation (Exhibit A, Complaint Caption) with its principal place of business in Virginia. (Declaration of Kriston Kenific ("Kenific Decl."), attached at **Exhibit B**, at ¶3). As a result, Defendant is a citizen of Virginia for diversity purposes.

7. As Plaintiff identified in the caption of her Complaint, Plaintiff is an individual residing in Palm Beach Gardens, Florida. (Exhibit A, Complaint Caption). Plaintiff is therefore a citizen of the state of Florida for purposes of this Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled).

8. Based on the above, complete diversity between the parties exists.

The Amount in Controversy Requirement is Satisfied

9. The amount in controversy requirement for Plaintiff's claims is also satisfied, even though Plaintiff failed to provide notice of the exact amount of damages sought. The amount in controversy must exceed "the sum or value of $75,000." 28 U.S.C. §1332(a); *see also RGI Events & Public Relations, LLC v. Al Qurm Mgmt. Consultancy,* Civil Action No. 18-1828 (BAH), 2019 WL 935498, *3 (D.D.C. Feb. 26, 2019) ("[a] plaintiff's claims 'against a single defendant' may be aggregated to satisfy the $75,000 jurisdictional threshold.")

10. "Where a state- or local-court complaint seeks an unspecified amount of damages, the defendant must, to justify removal to federal court, establish the amount in controversy by a preponderance of the evidence." *Mostofi v. Network Capital Funding Corp.*, 798 F. Supp. 2d 52, 55 (D.D.C. 2011). A defendant seeking removal must include in its notice "'only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Organic Consumers Ass'n v. R.C. Bigelow, Inc.*, 314 F. Supp. 3d 344, 348 (D.D.C. 2018) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89 (2014)). "[C]ourts may consider the evidence provided to them and exercise some degree of common sense to independently determine whether the amount in controversy has been met." *Parker-Williams v. Charles Tini & Associates, Inc.*, 53 F. Supp. 3d 149, 152 (D.D.C. 2014).

11. Plaintiff alleges that Defendant violated the District of Columbia Human Rights Act ("DCHRA") when Plaintiff was allegedly subjected to discrimination and retaliation based on gender and age, and ultimately terminated. Based on Defendant's alleged actions, Plaintiff also asserted a claim of negligent infliction of emotional distress.

12. The DCHRA provides that "[e]very prevailing complainant shall be entitled to damages equal to all income that would have been received from an employer … absent the unlawful discriminatory acts or practices…" D.C. Mun. Regs. Tit. 4, § 201.1. The recovery

amount shall include "the monetary equivalent of all sick leave, annual leave, retirement benefits, annuities, health benefits, and every other normal and usual benefit lost … as a result of the unlawful discriminatory acts …" *Id*. at §§201.3.  Additionally, the DCHRA allows prevailing parties to recover damages related to "anguish, pain, and suffering." *Id*. at 210.1

13. The DCHRA also requires prevailing parties to be awarded reasonable attorneys' fees related to work on their covered claims as well as reimbursement for costs associated with prosecuting the claims.  *Id*. at §§ 207.1-2, 213.1.

14. Plaintiff's Complaint fails to specify the dollar amount of damages sought. However, Plaintiff does allege that she sustained damages in the form of lost wages (back and front pay), lost benefits, emotional distress, punitive damages, damages for wages wrongfully withheld, prejudgment interest in an amount to be determined at trial, compensation for any tax penalty associated with a recovery, reasonable attorneys' fees and costs, and whatever further and additional relief the court shall deem just and equitable.  (Exhibit A, Complaint VI Prayer for Relief).

15. Plaintiff's salary at the time of termination was $128,000 per year. Kenific Decl. at ¶ 4.

16. Despite Plaintiff's failure to plead a specific dollar amount for her damages, Plaintiff has assessed her claims at being worth $375,000, well in excess of the jurisdictional amount.  (**Exhibit C** – Demand Letter).

17. Defendant denies Plaintiff's allegations, however her claims would be approximately $320,000 for backpay, if calculated by assuming damages for wages from termination through a trial date two years from the date Plaintiff filed her Complaint.

18. Additionally, while Plaintiff does not seek reinstatement, she is seeking an award of front pay in this matter. If Plaintiff were awarded one year of front pay that would amount to $128,000.

19. Further, in addition to a potential award of front and back pay, as mentioned. Plaintiff is also seeking damages for emotional distress, attorneys' fees, and punitive damages. These additional categories of damages would further increase the potential amount of Plaintiff's claim, thereby establishing that the jurisdictional threshold has been met. *See e.g., Parker-Williams v. Charles Tini & Assocs.*, 53 F. Supp. 3d 149, 152 (D.D.C. 2014) (noting that the "DCHRA allows for the award of non-pecuniary damages, which have in the past exceeded the $75,000 threshold"); *Info. Strategies, Inc. v. Dumosch*, 13 F. Supp. 3d 135, 144 (D.D.C. 2014) ("Attorney fees are part of the amount in controversy if they are provided for by statute or contract.")(quoting *Zuckman v. Monster Bev. Corp.*, No. 12-CV-1978 (JDB), 2013 WL 3392932, at *5 (D.D.C. Aug. 6, 2013)).

20. With Plaintiff's salary at $128,000 at the time of termination, the potential damages award under the DCHRA, and non-pecuniary damages, it is not beyond reason to believe that should this matter be litigated to a verdict, Plaintiff's potential award would be well above the jurisdictional limit.[1]

KGI Has Satisfied the Procedural Requirements for Removal

21. Removal to this Court is proper. Pursuant to 28 U.S.C. §§ 1446(a) and 1441(a), this Notice of Removal is being filed in the United States District Court for the District of

---

[1] *See e.g., Medina v. District of Columbia*, 643 F.3d 323, 325 (D.C. Cir. 2011) (Circuit Court of Appeals for the District of Columbia approved an award of $90,000 in a racial discrimination case); *United Mine Workers of Am. Int'l Union v. Moore*, 717 A.2d 332, 340 (D.C. 1998) (upholding $100,000 to $129,000 verdict for emotional distress damages in sex discrimination case brought under DCHRA).

Columbia and the Superior Court for the District of Columbia is located within the District of Columbia.

22. <u>Removal is timely</u>.  KGI received a copy of the Complaint and Summons on May 5, 2021.  This Notice of Removal is being filed with the United States District Court for the District of Columbia on May 25, 2021, within thirty (30) days after receipt by KGI of the Complaint and Summons.  *See* 28 U.S.C. §1446(b).

23. <u>Pleadings and process</u>.  Contemporaneously filed herewith are copies of all process, pleadings and orders received by KGI in the Superior Court Action.  *See* **Exhibit A**.  Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon Plaintiff and a copy is being filed with the Clerk of the Superior Court for the District of Columbia. *See* Notice of Filling Notice of Removal, attached as **Exhibit D**.

24. No previous application has been made for the relief requested herein.

WHEREFORE, having satisfied all the requirements for removal under 28 U.S.C. §§ 1331, 1441, and 1446, Defendant KGI respectfully serves notice that the above-referenced civil action, now pending in the Superior Court of the District of Columbia, is removed therefrom to the United States District Court for the District of Columbia.

Dated: May 25, 2021

Respectfully submitted,

<u>/s/ Merrell B. Renaud</u>
Merrell B. Renaud (DC Bar 429971)
Miles & Stockbridge P.C.
1751 Pinnacle Drive, Suite 1500
Tysons, VA 22102
(703) 610-8641
mrenaud@milesstockbridge.com

Sasha E. Hodge-Wren (DC Bar 976342)
Miles & Stockbridge P.C.
1500 K Street, NW, Suite 800

Washington, DC 20005
(202) 465-8424
shodgewren@milesstockbridge.com

*Counsel for The Kenific Group, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 25th day of May, 2021, a copy of the foregoing Notice of Removal to Federal Court was served on the Clerk of Court and Counsel of Record using the CM/ECF system and sent via first-class mail, postage prepaid, to:

Tiffany Joseph Goodson
HKM Employment Attorneys LLP
1325 G Street NW, Suite 558
Washington, DC 20005
(202) 919-5952
tjosephgoodson@hkm.com

*Counsel for Plaintiff*

                                          /s/ Sasha E. Hodge-Wren
                                          Sasha E. Hodge-Wren